IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2020 JAN 15 PM 12: 33

CLE
AT BALTIMORE

BY_____DEPUTY

| | | |
|---|---|---|
| **ADRIA CRUMP,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil No. RDB-19-0786** |
| **SAMUEL CHERRY, et al.,** | * | |
| | * | |
| **Defendants.** | | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM ORDER

In this *pro se* Complaint, the Plaintiff Adria Crump has alleged that Defendants Samuel Cherry, Mary Elizabeth Watkins, and Quinn Brock, as attorneys at the Cochran Firm, "misrepresented [her] in a disability case." (Compl. at 4, ECF No. 1.) Even construing the *pro se* Complaint liberally, as is the Court's obligation, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Plaintiff has failed to allege a plausible claim.

It is clear from the facts alleged that the Plaintiff was represented by the Defendants in connection with a Social Security disability claim. (Compl. at 4, 6-7, ECF No. 1; Watkins Aff. ¶ 10, ECF No.11-3.) Defendant Watkins attended a November 4, 2014 hearing before the Social Security Administration ("SSA") with Plaintiff, where Plaintiff testified before an Administrative Law Judge ("ALJ") that she was disabled. (*See* SSA Notice of Decision, ECF No. 11-6.)[1] Defendants have provided the SSA's Notice of Decision issued by the ALJ on

---

[1] The Court will consider the SSA Notice of Decision (ECF No. 11-6) as part of the Complaint. *See Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 648 (D. Md. 2015) (quoting *CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009)) (the Court may consider "any document that the defendant attaches to its motion to dismiss if the document was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity").

December 8, 2014, which awarded Plaintiff disability benefits from the date she alleged was the onset of her disability, June 1, 2012. (*Id.*)

Plaintiff's sole allegation against Defendants is that they misrepresented her disability because, as she now alleges, she is "not disabled." (Compl. at 4, ECF No. 1.) Yet, Plaintiff testified at her SSA hearing that she was disabled, and she received a fully favorable decision based on that representation. (SSA Notice of Decision, ECF No. 11-6.) She does not identify any actions by Defendants, in tort, contract, or otherwise, that would support a plausible claim for relief. Quite simply, Plaintiff has not pled a cause of action against any of the Defendants.

Furthermore, there is no diversity jurisdiction which would establish subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is incomplete diversity among the parties, as both Plaintiff and Defendant Watkins are citizens of Maryland. (See Compl. at 1, ECF No. 1; Watkins Aff. ¶ 3, ECF No. 11-3.) In addition, there is no federal question in this case which would establish subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Accordingly, upon consideration of the Plaintiff's Motion to Request Trial by Jury (ECF No. 18), the Plaintiff's Second Motion to Request Expedited Trial by Jury (ECF No. 23), and of Defendant's Motion to Dismiss (ECF No. 11), it is this 14th day of January, 2020, hereby ORDERED that:

1. Plaintiff's Motion to Request Trial by Jury (ECF No. 18) is DENIED;

2. Plaintiff's Second Motion to Request Expedited Trial by Jury (ECF No. 23) is DENIED;

3. Defendant's Motion to Dismiss (ECF No. 11) is GRANTED;

4. This case is DISMISSED WITH PREJUDIUCE;

5. The Clerk of this Court SHALL CLOSE this case; and

6. The Clerk of this Court IS DIRECTED to MAIL a copy of this Order to Plaintiff.


Richard D. Bennett
United States District Judge